Bruce H. Sales
Russell W. Faegenburg
Stephen M. Lund
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Lanard Toys Limited*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LANARD TOYS LIMITED, | : | **Document Filed Electronically** |
| | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| | : | District Judge |
| TOYS "R" US, INC., DOLLAR GENERAL | : | Magistrate Judge |
| CORPORATION, DOLGENCORP, LLC, and | : | |
| JA-RU INC., | : | **JURY TRIAL DEMAND** |
| | : | |
| Defendants. | x | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Plaintiff Lanard Toys Limited ("Lanard") alleges the following for its complaint against Defendants Toys "R" Us, Inc., Dollar General Corporation, Dolgencorp, LLC, and Ja-Ru Inc. (collectively "Defendants"):

## NATURE OF THE ACTION

This is an action for copyright infringement, design patent infringement, trade dress infringement, and unfair competition, arising from Defendants' unauthorized copying and use of a distinctive chalk holder design embodied in products sold by Lanard. Defendants' misappropriation has irreparably harmed the goodwill and reputation of Lanard and caused Lanard irreparable damage and monetary harm, for which Lanard requests relief in this Court.

## JURISDICTION AND VENUE

1. This is an action for damages and injunctive relief against Defendants arising under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and includes related claims for unfair competition arising under state law.

2. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. §§ 1338(a) and (b), as this action arises under the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), and the United States patent laws (35 U.S.C. §§ 1 *et seq.*), and includes claims of unfair competition that are joined with substantially related claims under the copyright, patent, and trademark laws of the United States pursuant to 28 U.S.C. § 1338(b).

3. This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §§ 1400(a) and (b), as a substantial part of the events giving rise to the claims in this complaint occurred in this judicial district, and all Defendants reside within this judicial district, within the meaning of 28 U.S.C. § 1391(c).

5. Defendants regularly conduct business in this district and throughout the United States, and are actively engaged in promoting, advertising, marketing, and/or offering products within this judicial district, including the accused products at issue in this lawsuit. Defendants' contacts with this district are sufficient to confer personal jurisdiction over Defendants.

## PARTIES

6. Plaintiff Lanard Toys Limited is a Hong Kong company with its principal place of business at 6th Floor, Energy Plaza, 92 Granville Road, Tsimshatsui, Kowloon, Hong Kong.

Lanard manufactures and sells toys throughout the world, including to companies in the United States.

7. Upon information and belief, Defendant Toys "R" Us ("Toys 'R' Us") is a Delaware corporation with its principal place of business at One Geoffrey Way, Wayne, New Jersey 07470-2030. Toys "R" Us is a large toy retailer, with stores throughout the United States, including in New Jersey.

8. Upon information and belief, Defendant Dollar General Corporation ("Dollar General") is a Tennessee corporation with its principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Dollar General is a retailer with 11,000 stores in 40 states, including in New Jersey.

9. Upon information and belief, Defendant Dolgencorp, LLC ("Dolgencorp.") is a Kentucky corporation with its principal place of business at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Dolgencorp is a distributor for Dollar General, and is wholly owned by Dollar General.

10. Upon information and belief, Defendant Ja-Ru, Inc. ("Ja-Ru") is a Florida company with its principal United States place of business at 4030 Phillips Highway, Jacksonville, Florida 32207. Ja-Ru is a manufacturer, seller, and importer of toys in the United States and worldwide, and sells to New Jersey companies.

## BACKGROUND

### Lanard And Its Distinctive Chalk Holder

11. Lanard is a leading manufacturer and seller of toys throughout the world, including sales on a private label basis to other toy retailers.

12. In 2010, Lanard's designers developed a unique and original chalk holder — a device that can hold pieces of colored chalk to allow children to draw outdoors. Lanard chose to

fashion the chalk holder in the distinctive appearance of a pencil, evoking the hallmarks of a pencil found in school classrooms, although on a larger scale.

13.     Lanard called its toy the "Chalk Pencil."  A photograph of it in point-of-sale packaging is shown below.

**LANARD'S CHALK PENCIL**



14.     Lanard published its work by November 1, 2010.  It submitted a copyright application for this original work to the United States Copyright Office on September 20, 2011.  The Copyright Office registered Lanard's copyright effective as of the same date and assigned it Registration No. VA 1-794-458.  (A true and accurate copy of the Registration, along with Lanard's deposit, is attached hereto as Exh. A.)  Since that time, Lanard has remained the sole owner of this copyright.

15. Lanard also submitted two United States design patent applications for different versions of its Chalk Pencil. The first application was approved and issued as U.S. Design Patent No. D671,167 on November 20, 2012. (A true and accurate copy of the '167 Patent is attached hereto as Exh. B.) The second application, filed on December 21, 2012, was approved for patenting in a Notice of Allowance dated January 10, 2014. Lanard paid the issue fee for this application on February 21, 2014. The design patent is expected to issue on April 1, 2014, as U.S. Design Patent No. D701,902.

16. Figure 1 from Lanard's issued '167 Patent is reproduced below:



FIG. 1

17. Lanard's Chalk Pencil has been a success in the market, with major United States retailers, including Toys "R" Us, Dollar General, Walgreen Co., Kmart Corporation, and Wal-Mart Stores, Inc., making substantial sales of the product. Lanard supplied the Chalk Pencil

to Toys "R" Us on a private label basis starting with the 2012 selling season, and Toys "R" Us sold it as part of its "Sizzlin' Cool" toy line.  A copyright notice, "© 2010 LANARD," was marked on the Chalk Pencil.  The front of the packaging also included the notice "Patent Pending."  The Toys "R" Us private label product for the 2012 and 2013 selling seasons, supplied by Lanard, is shown below:



18. Dollar General likewise purchased the Chalk Pencil from Lanard for the 2011, 2012, and 2013 selling seasons.  A copyright notice, "© 2010 LANARD," was marked on the Chalk Pencil, and the front of the packaging included the notice "Patent Pending."  A photograph of the Dollar General private label product is shown below:



19. By virtue of significant sales, quality of design, and uniqueness of design, and the substantial time, effort, and money expended over the years by Lanard in creating, promoting, and popularizing this product, Lanard has developed a valuable reputation and goodwill in connection with its Chalk Pencil and the trade dress associated therewith.  Lanard enjoys substantial demand for this product, and Lanard's trade dress embodied in this Chalk Pencil has become well known to consumers and the trade by virtue of widespread, long, continuous, and exclusive use thereof.  The purchasing public and customers of Lanard associate the Chalk Pencil trade dress exclusively with Lanard.  Such trade dress is protectable and has acquired secondary meaning.

20. As a result of the foregoing, the relevant public has come to recognize an association between the Chalk Pencil design and Lanard, and have come to understand that chalk

holders having the design elements used by Lanard are made exclusively by Lanard or otherwise are associated with Lanard.

### Defendants' Wrongful Conduct

21.     Defendants are now and have been offering for sale in this district, and elsewhere in the United States, unauthorized and infringing copies of Lanard's Chalk Pencil design.

22.     Defendant Toys "R" Us stopped ordering the Lanard Chalk Pencil from Lanard and is now, and will be, offering to the public a product also called "Chalk Pencil" that is a copy of the Lanard Chalk Pencil.  Upon information and belief, Toys "R" Us is selling this new "Chalk Pencil" as part of its Spring 2014 SIZZLIN' COOL toy program.

23.     A picture of the Toys "R" Us SIZZLIN COOL "Chalk Pencil" is reproduced below.



24.     Upon information and belief, Defendant Ja-Ru is the manufacturer and supplier of Toys "R" Us's new product.

25. Defendant Dollar General also has stopped ordering the Lanard Chalk Pencil from Lanard and instead is now, and will be, offering to the public a product also called the "Side Walk Chalk" "Chalk Pencil" that is a copy of the Lanard Chalk Pencil. Upon information and belief, Dollar General and its Dolgencorp distributor are selling this new "Chalk Pencil" as part of Dollar General's Spring 2014 toy line.

26. A picture of the Dollar General "Side Walk Chalk" "Chalk Pencil" is reproduced below.



27. Upon information and belief, Ja-Ru is the manufacturer of Dollar General's new product.

28. The unauthorized Toys "R" Us and Dollar General "Chalk Pencil" products, manufactured by Ja-Ru, are remarkably similar to Lanard's Chalk Pencil, and copy the protectable expression in Lanard's design, as shown in the comparison below.



29. The Toys "R" Us and Dollar General "Chalk Pencil" products, manufactured by Ja-Ru, are also substantially similar to the design shown in Lanard's U.S. Design Patent No. D671,167, as shown below.



30. Defendants are thus marketing, advertising, and selling products embodying trade dress confusingly similar to Lanard's Chalk Pencil trade dress, substantially similar to Lanard's

design shown in Lanard's U.S. Design Patent No. D671,167, and substantially similar to Lanard's copyrighted work.

31. Because of Lanard's unmistakable trade dress, the relevant public has and continues to be deceived and/or confused into believing that Defendants' unauthorized "Chalk Pencil" originated from Lanard, or is somehow authorized, sponsored by, or in some way associated with Lanard.

32. Defendants' unauthorized reproduction of Lanard's trade dress has created a likelihood of confusion among the relevant public due to the relevant public's association between the look of Lanard's work and Lanard.

33. Defendants' unauthorized copying has been willful, and Defendants intentionally interfered with Lanard's business relations by offering to sell the copied chalk holders, thereby wrongfully diverting sales from Lanard.

34. Defendants' unauthorized copying, promotion, and sale of the infringing products has caused Lanard irreparable financial harm.

35. Upon information and belief, by the acts alleged above, Defendants have made substantial profits to which they are not entitled and have caused Lanard to lose sales and/or other opportunities for monetary relief.

## FIRST CLAIM FOR RELIEF
## Copyright Infringement

36. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

37. Lanard has established copyrights in the design of its Chalk Pencil and its design constitutes copyrightable subject matter under the copyright laws of the United States. Lanard is

the owner of U.S. Copyright Registration No. VA 1-794-458 directed to its Chalk Pencil design. Lanard is the owner of all right, title, and interest in and to the copyrights in this design.

38. Defendants' copying and use of Lanard's Chalk Pencil toy is a violation of Lanard's exclusive rights to the original work of authorship in the toy, including but not limited to the exclusive right to make reproductions and distribute copies to the public. The infringing copies include Toys "R" Us's "Chalk Pencil" included in its 2014 SIZZLIN' COOL toy line and Dollar General's "Side Walk Chalk" "Chalk Pencil," both of which are manufactured and supplied by Ja-Ru.

39. Upon information and belief, the acts of Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

40. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Patent Infringement

41. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

42. United States Design Patent No. D671,167 ("the '167 Patent"), entitled "Chalk Holder" was duly and legally issued by the United States Patent and Trademark Office on November 20, 2012.

43. Plaintiff Lanard is the owner by assignment of the '167 Patent and has the right to sue and recover damages for infringement thereof.

44. Defendants have infringed, and continue to infringe, the '167 Patent by making, using, selling, offering to sell and/or importing chalk holders, including Toys "R" Us's "Chalk

Pencil" that is part of its 2014 SIZZLIN' COOL toy program and Dollar General's "Side Walk Chalk" "Chalk Pencil," both of which are manufactured by Ja-Ru.

45. The foregoing acts of patent infringement have been without authority or license from Lanard.

46. Upon information and belief, Defendants' infringement of the '167 Patent has been and continues to be willful, and has been conducted with an objectively reckless disregard of the high likelihood of infringement of the '167 Patent. As a result, Lanard is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action, under 35 U.S.C. § 285.

47. In accordance with 35 U.S.C. § 287, Plaintiff has marked its products sold under the patent with the patent number.

48. The foregoing acts of patent infringement by Defendants have caused, and unless enjoined by this Court will continue to cause, immediate and irreparable harm to Lanard. Lanard has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Trade Dress Infringement Under 15 U.S.C. § 1125(a)

49. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

50. Defendants' use of Lanard's trade dress in commerce, including the trade dress in Lanard's Chalk Pencil, is likely to cause confusion, or to cause mistake, or to deceive as to origin, sponsorship, or approval of Defendants' goods by Lanard, in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

51. The acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights and were done with full knowledge of the falsity of the

designation of origin and with the intention of causing confusion and misleading and deceiving the trade and the public as to the origin and quality associated with Defendants' products.

52. As a result of the likelihood of confusion that now exists in the marketplace, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

53. Defendants have made substantial profits based on their unauthorized sales of their infringing "Chalk Pencil" copies.

54. The aforesaid infringement by Defendants has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Lanard's property and business. Lanard has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Common–Law Unfair Competition Under Federal Law And The Laws Of New Jersey

55. Each of the foregoing allegations is incorporated by reference as though fully set forth herein.

56. The aforementioned acts by Defendants in causing confusion among the relevant public and causing a false association or sponsorship between Defendants' goods and Lanard, in New Jersey and elsewhere, constitute unfair competition and unfair business practices contrary to the common laws of the United States (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)) and the laws of the State of New Jersey, including N.J.S.A. §§ 56:4-1.

57. The acts by Defendants were committed willfully, knowingly, maliciously, and in conscious disregard of Lanard's rights.

58. As a result of Defendants' unfair competition, Lanard has suffered damage to its goodwill and reputation and has lost sales of its products.

59. Defendants have made substantial profits based on their unauthorized sales of their infringing "Chalk Pencil" copies.

60. Upon information and belief, the aforesaid conduct by Defendants has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Lanard's property and business. Lanard has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lanard demands judgment as follows:

A. A declaration that Defendants have willfully infringed Lanard's copyrighted works;

B. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from copying, distributing, selling, reproducing, or preparing derivative works of any original works of authorship of Lanard, ordering Ja-Ru to cancel all orders for the chalk holder products substantially similar to Lanard's copyrighted works, ordering Defendants to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products substantially similar to Lanard's copyrighted works and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Defendants to recall any and all infringing goods, or other products substantially similar to Lanard's copyrighted works;

C. A declaration that Defendants willfully infringed Lanard's trade dress;

D. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and those in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from:

1. utilizing or imitating Lanard's trade dress, including but not limited to manufacturing, distributing, advertising, selling, or offering for sale, any products which use any trade dress which is confusingly similar to the overall trade dress of Lanard's goods;

2. injuring the commercial reputation, renown, and goodwill of Lanard; and

3. unfairly competing with Lanard in any manner whatsoever; and

ordering Ja-Ru to cancel all orders for the chalk holder products embodying trade dress confusingly similar to Lanard's Chalk Pencil trade dress, ordering Defendants to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products incorporating trade dress confusingly similar to Lanard's trade dress and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Defendants to recall any and all infringing goods, or other products incorporating trade dress confusingly similar to Lanard's trade dress;

E. A declaration that Defendants have infringed the '167 Patent;

F. A preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys and those in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, from infringing, contributing to the infringement of, or actively inducing infringement of the '167 Patent, ordering Ja-Ru to

cancel all orders for the chalk holder products substantially similar to Lanard's patented design, ordering Defendants to deliver up for destruction all labels, signs, prints, catalogs, sell sheets, purchase orders, invoices, packages, wrappers, receptacles, articles, advertisements, and/or promotional materials in their possession referring or relating to the infringing products, or other products substantially similar to the '167 Patent and all plates, models, matrices, tooling, computer programs, and other means of making the same, and ordering Defendants to recall any and all infringing goods, or other products substantially similar to Lanard's '167 Patent;

G.  An award to Lanard of its actual damages and for all profits realized by Defendants in connection with their infringing activities;

H.  An award to Lanard of treble, exemplary, and/or punitive damages;

I.  Pursuant to 35 U.S.C. § 285, a finding that this case is exceptional;

J.  An award to Lanard of its reasonable attorney fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and/or 35 U.S.C. § 285, filing fees, and the costs of this action;

K.  Prejudgment and postjudgment interest on the above monetary awards; and

L.  Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Lanard Toys Limited*

Dated:     March 27, 2014              By:   s/ Russell W. Faegenburg
                                                    Russell W. Faegenburg
                                                    Tel:    908.654.5000
                                                    E-mail: RFaegenburg@ldlkm.com
                                                             Litigation@ldlkm.com

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.


Dated:    March 27, 2014              LERNER, DAVID, LITTENBERG,
                                        KRUMHOLZ & MENTLIK, LLP
                                      *Attorneys for Plaintiff Lanard Toys Limited*


                                      By:    s/  Russell W. Faegenburg
                                             Russell W. Faegenburg
                                             Tel:    908.654.5000
                                             E-mail: RFaegenburg@ldlkm.com
                                                     Litigation@ldlkm.com