**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| LANARD TOYS LIMITED,<br><br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>TOYS "R" US-DELAWARE, INC.,<br>DOLGENCORP, LLC, and JA-RU,<br>INC.,<br><br>　　　Defendants. | Civil Action No.<br><br>2:14-1939-SDW-SCM<br><br>**OPINION AND ORDER ON<br>DEFENDANTS' MOTION TO<br>TRANSFER VENUE [D.E. 82]** |

I.　**INTRODUCTION**

　　This matter comes before the Court upon defendants Toys "R"
Us-Delaware, Inc., Dolgencorp, LLC, and Ja-Ru, Inc.
(collectively "Defendants'") motion to transfer venue to the
Middle District of Florida (ECF Docket Entry No. ("D.E.") 82).
The Honorable Susan D. Wigenton, U.S.D.J., referred the motion
to the undersigned for disposition in accordance with Local
Civil Rule 72.1(a)(1). (D.E. 91). There was no oral argument.
Upon consideration of the parties' submissions and for the
reasons set forth herein, Defendants' motion to transfer venue
is **GRANTED.**

## II.  <u>BACKGROUND</u>

This is an action arising out of Defendants' alleged unauthorized copying and use of a distinctive chalk holder design embodied in toy products sold by Plaintiff Lanard Toys Limited ("Plaintiff" or "Lanard").  *See* (D.E. 61, Amended Compl.).  Plaintiff is a manufacturer and seller of toys throughout the world.  *Id*. at ¶6.  Defendant, Ja-Ru Inc. ("Ja-Ru"), is a manufacturer, seller and importer of toys in the United States and worldwide.  *Id*. at ¶9.  Defendant, Toys-R-Us Delaware ("Toys 'R' Us"), is a large toy retailer, with stores throughout the United States, including in New Jersey.  *Id*. at ¶7.  Defendant, Dolgencorp, LLC ("Dolgencorp"), is a distributor for Dollar General Corporation, which is a retailer with stores in 40 states.  *Id*. at ¶8.  Ja-Ru designed and developed the accused product, and its affiliate, Ja-Ru HK, sold it to Dolgencorp and Toys 'R' Us.  *See* Decl. of Russell Selevan ("Selevan Decl.") at ¶¶6 and 8 (D.E. 86).

Plaintiff brought this action against all three defendants for unfair competition, copyright, patent, and trade dress infringement.  *See* (D.E. 61).  According to the Complaint, in 2010, Plaintiff's designers developed "a unique and original chalk holder — a device that can hold pieces of colored chalk to allow children to draw outdoors."  *Id*. at ¶11.  Plaintiff published its work and obtained a copyright and a design patent

2

on its product.[1]  *Id.* at ¶¶13-14.  Plaintiff alleges that Ja-Ru manufactured and supplied chalk pencil products for Toys R-Us and Dolgencorp that copy the protectable expression in Plaintiff's design, are substantially similar to the design in Plaintiff's design patent, and embody trade dress confusingly similar to Plaintiff's chalk pencil trade dress.  *Id.* at ¶¶ 21, 23, 24 and 26-29.

Plaintiff is a Hong Kong company with its principal place of business in Hong Kong.  *Id.* at ¶6.  Ja-Ru is a Florida corporation with its principal place of business in Florida. *Id.* at ¶9.  Toys 'R' Us is a Delaware corporation with its principal place of business in New Jersey. (D.E. 61, Amended Compl. at ¶7).  Dolgencorp is a limited liability company in Kentucky.  *Id.* at ¶8.

Ja-Ru designed and developed the accused product in Florida, and the artwork, tangible things, and documents related to the development and design of the accused product are maintained at Ja-Ru's offices in Florida.  *See* (D.E. 86, Selevan Decl. at ¶¶ 6 and 18).  Ja-Ru's affiliate, Ja-Ru HK, sold the accused product to Dolgencorp and Tru-D.  *Id.* at ¶8.  Toys 'R' Us sold the accused product in its retail stores throughout the United States.  *See* (D.E. 84, Decl. of Kimberly Mayben ("Mayben

---

[1] As of the date the Complaint was filed, a second design patent was expected to issue on April 1, 2014, as U.S. Design Patent No. D701, 902.

Decl.") at ¶5).  Dolgencorp sold the accused product throughout the United States.  *See* (D.E. 85, Decl. of Robert Stephenson ("Stephenson Decl.") ¶6).


III. <u>**DISCUSSION & ANALYSIS**</u>

   A. <u>§ 636, Magistrate Judge Authority</u>

A motion to transfer a case to another district is considered a non-dispositive motion, which may be decided by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, No. 07-1229, 2008 U.S. Dist. LEXIS 15623, 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008).  Further, the decision to grant or deny an application for transfer is discretionary.  *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).  Consequently, if such a decision is appealed, the district court must affirm the decision unless it is "clearly erroneous or contrary to law." *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).


   B. <u>§ 1404, Venue Transfer</u>

Defendants move to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action

to any other district or division where it
might have been brought.

"The purpose of §1404(a) is to avoid the waste of time,
energy and money and, in addition, to safeguard litigants,
witnesses, and the public against avoidable inconvenience and
expense." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d
481, 497 (D.N.J. 1998). Transfer analysis under § 1404 is
flexible and individualized, with no rigid rule governing a
court's determination. *See Ricoh Co. v. Honeywell, Inc.*, 817 F.
Supp. 473, 479 (D.N.J. 1993) (citing *Stewart Org., Inc. v. Ricoh
Corp.*, 487 U.S. 22, 29-30 (1988)); *Selective Ins. Co. v. Food
Mktg. Merch., Inc.*, No. 13-cv-193, 2013 WL 2149686, at *3
(D.N.J. May 16, 2013) (internal citations and quotations
omitted). A § 1404 analysis "turns on the particular facts of
the case." *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F.
Supp. 2d 317, 320 (D.N.J. 1998).

As a threshold matter, this Court must determine whether
this action could have been properly brought in the Middle
District of Florida. *See LG Elecs. Inc. v. First Int'l Computer*,
138 F. Supp. 2d 574, 586 (D.N.J. 2001)(explaining that under
section 1404(a), an action may be transferred to a district
"where the action might have been brought for the convenience of
parties and witnesses and in the interest of justice").

Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). To determine whether subsection (a)(2) is satisfied, the Third Circuit "does not require a majority of the events to take place [in the district], nor that the challenged forum be the best forum for the lawsuit to be venued." *See Park Inn International, L.L.C.*, 105 F. Supp. 2d at 376 (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "The statute only requires a 'substantial part' of the events to have occurred in the District to establish venue." *Id.*

In this action, Plaintiff does not dispute whether the action "might have been brought" in the Middle District of Florida. The action concerns the unauthorized copying and use of a design, whereby the research and development of the accused product embodying the allegedly copied design took place in Florida. Thus, the events giving rise to the copyright, design patent, and trade dress infringement claims, *i.e.*, the research and development of the accused products, largely took place in Florida, and venue there is proper pursuant to 28 U.S.C. § 1391(a)(2). Jurisdiction over all of the defendants in Florida is proper because all of the defendants consent to personal jurisdiction there. Therefore, the action may have

6

been brought in the Middle District of Florida, and the first step of the § 1404 transfer analysis is satisfied.

Next we turn to whether transfer is appropriate. In analyzing a request to transfer venue, courts have not limited consideration to the factors enumerated in § 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, courts "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Id.* (internal citations and quotation marks omitted).

Depending on the facts of case, particular factors may be more critical to a court's analysis than others. *See e.g.*, *Days Inn Worldwide, Inc. v. Ram Lodging, LLC*, No. 09-2275 (SDW), 2010 W.L. 1540926 at *6 (D.N.J. April 14, 2010)(Wigenton, J.)(discussing that factor of "where the claims arose" is the most critical to the analysis and granting motion to transfer). The *Jumara* Court established factors in two categories to assist a court's analysis of a motion to transfer: private interests and public interests. *Id.*

In examining the private interests, courts should look to the following factors: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties indicated by their

7

relative physical and financial condition; (5) the convenience of witnesses; and (6) the location of books and records relevant to the dispute. *Id.* The last two factors are not relevant unless the witnesses and/or records would be unavailable at trial in one of the two fora. *Id.*

When considering the public interests, courts are instructed to analyze: (1) the enforceability of the judgment; (2) practical concerns that could reduce the time and expense necessary to resolve the claims at issue; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the *fora*; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

The moving party bears the burden of proving the need for transfer. *LG Elecs. v. First Int'l Computer*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001). The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one. *Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993). This burden is a heavy one; as the Third Circuit has noted, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum

should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

The balance of private and public factors here compel transfer of this matter: (1) The center of gravity of this dispute is in the Middle District of Florida where the accused product was designed and developed;[2] (2) Plaintiff's chosen forum is not entitled to much deference under the circumstances presented;[3] (3) all three defendants seek to litigate the case in

_____

[2] The operative facts in design patent, copyright and trade dress infringement cases relate to the design, development, and production of the allegedly infringing product. *CYI, Inc. v. Ja-Ru, Inc.*, et al, 913 F. Supp. 2d 16, 19 (S.D.N.Y. 2012) (discussing design patent and copyright infringement cases); *Mola, Inc. v. Kacey Enters., LLC*, 2011 WL 3667505, at *8-9 (W.D.N.Y. Aug. 21, 2011) (discussing trade dress infringement cases); *see*, e.g., *AB Coaster Holdings, Inc. v. Icon Health & Fitness, Inc.*, No. 10-cv-06760, 2011 WL 6887724 (D.N.J. Dec. 29, 2011) (examining defendant's design and creation of plans for accused product in patent infringement case). Examining the design and development of an accused product makes logical sense in trade dress infringement cases, as "[t]rade dress refers to the design or packaging of a product which serves to identify the product's source." *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 496 (D.N.J. 2014) (quoting *Shire U.S. Inc. v. Barr Labs, Inc.*, 329 F.3d 348, 353 (3d Cir. 2003)).

Moreover, the potentially infringing activities of Toys 'R' Us in selling the accused product occurred all over the United States. "[W]here a party's products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer." *CYI, Inc.*, 913 F. Supp. 2d at 20-21 (quotations omitted).

[3] Even though Plaintiff chose New Jersey as its forum, "choice of forum by a plaintiff is simply a preference; it is not a right." *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 573 (D.N.J. 2000). Plaintiff's choice of forum here is also accorded less deference because New Jersey is not Plaintiff's home forum. See *U.S. Mineral Products Co. v. T-Mar Constr.*, No. 09-cv-5895, 2010 WL 703190, at *3 (D.N.J. Feb. 23, 2010) (citing *Lony v. E.I. Dupont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) (discussing that because the convenience to the parties is a central purpose for transferring a case, a foreign plaintiff's choice deserves less deference)). Moreover, a plaintiff's choice deserves little deference when the chosen forum has little connection to the facts underlying the claims. See *Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 290 (D.N.J. 1997). Plaintiff's only connection to New Jersey is that Defendant Toys 'R' Us, has its principal place of business here. See *National Property Investors v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995) (affording

Florida which is entitled to deference as the center of gravity in the case; (4) requiring Plaintiff to litigate in the Middle District of Florida, rather than in New Jersey, will only create a small inconvenience to the Plaintiff whose representatives will need to travel internationally to either forum; (5) the artwork and tangible things related to the design and development of the accused product, which cannot be duplicated electronically, are located in Florida; (6) the majority of the fact witnesses and key evidence concerning the design and development of the accused product, are located in Florida; (7) the interest in deciding local controversies at home also favors transfer;[4] and (8) "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and[/]or conduct which occurred predominantly outside the State of New Jersey." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 481, 526 (D.N.J. 1998). Thus, taking the private interest factors and the public

---

plaintiff's choice of a foreign forum little weight where the only connection Plaintiff had to New Jersey was that New Jersey was the defendant's principal place of business). However, the potentially infringing activities of Toys 'R' Us in selling the accused product occurred all over the United States. "[W]here a party's products are sold in many states, sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer." *CYI, Inc. v. Ja-Ru, Inc.*, 913 F. Supp. 2d at 20-21 (quoting Mola, 2011 WL 3667505, at *9).

[4] "When both states have an interest in protecting its citizens, courts in this District have found the balance to tip in favor of the State that was found to be the center of gravity of the actions giving rise to the litigation." *Allied Old English, Inc. v. Uwajimaya, Inc., et al.*, No. 11-1239, 2012 W.L. 3564172 at *7 (D.N.J. Aug. 16, 2012).

interest factors together, transferring venue to the Middle District of Florida is appropriate under § 1404(a).

**IV.    <u>CONCLUSION</u>**

On balance, the *Jumara* factors favor transfer and Defendants have met their burden in demonstrating that transfer is proper under 28 U.S.C. § 1404(a).   The Court finds that transfer is appropriate in the interests of justice.

For the foregoing reasons,

**IT IS** on this Tuesday, June 16, 2015,

1. Ordered that Defendants' Motion to Transfer (D.E. 82) is **GRANTED**; and it is further

2. Ordered that the Clerk of the Court shall transfer this action to the Middle District of Florida.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/16/2015 4:57:54 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
      File